```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EDWARD RODRIGUEZ-ISONA, III   :       CIVIL ACTION
                              :
     v.                       :
                              :       NO. 05-69
VINCENT GUARINI, et al.       :
```

**O R D E R - M E M O R A N D U M**

**Padova, J.**

**AND NOW,** this 27th day of October, 2005, upon consideration of Defendants' Motion for Summary Judgment (Doc. No. 19), and the papers filed in connection therewith, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** pursuant to Federal Rule of Civil Procedure Rule 56 and Plaintiff's Complaint is **DISMISSED** in its entirety. **IT IS FURTHER ORDERED** that Defendants' Motion to Preclude Evidence (Doc. No. 25) is **DISMISSED AS MOOT.** The Clerk shall **CLOSE** this case for statistical purposes.

Plaintiff, Edward Rodriguez-Isona, III, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that the Defendants, Warden Vincent Guarini and Associate Warden Robert Bodnar of the Lancaster County Prison ("the Prison"), denied him access to legal documents. This material consisted of discovery and other documentation that he alleges he intended to use in his defense on a criminal charge. (Compl. Pt. V, ¶¶ 1-2.) Plaintiff also alleges that Defendants repeatedly interfered with his legal mail and deliveries as a favor to Assistant District Attorney

Monica Mosley, the prosecutor handling Plaintiff's criminal case. (Compl. Pt. V, ¶ 3.)

I.  BACKGROUND

During the time period relevant to this action, Plaintiff was incarcerated at the Prison pending trial on eleven criminal counts relating to fraudulent business activities.  On December 20, 2004, through an attorney, he negotiated a guilty plea agreement on these charges; he was scheduled to plead guilty on January 7, 2005. (Mosley Aff. ¶¶ 11-13.)  However, Plaintiff appears to have changed his mind about pleading guilty under the terms of the agreement at some point prior to January 7, 2005.  (See Pl.'s Dep. at 33, 60; 01/07/05 Sentencing Hrg. Tr. at 2-3.)

On January 5, 2005, Loretta Barone, whom Plaintiff describes as his power of attorney, and Thomas Floyd, who shared office space with Plaintiff prior to Plaintiff's incarceration, brought several folders of documents to the Prison.  Barone had prearranged for the delivery of these materials. (Floyd V.S. ¶ 3.)  According to Plaintiff, the documents comprised discovery for his criminal case, as well as business documentation that he may have been able to use to put on a defense to his criminal charges.  (Pl.'s Dep. at 5-6, 13, 36-44.)  The attending Corrections Officer informed Barone and Floyd that he could not reach anyone with the authority to approve the delivery.  (Floyd V.S. ¶ 5.)  However, Plaintiff was taken to the legal room and was told he could view and organize the

documents and then would be able to take two and a half inches of papers per day. (Pl.'s Dep. at 49-50; Answer ¶ IV.b.) Plaintiff felt that this arrangement was neither proper nor satisfactory, as he needed to take possession of all of the documents in order to prepare for trial. (Pl.'s Dep. at 50-51, 53.) He rejected the offer to take two and a half inches of documents and refused to take any of them. (Pl.'s Dep. at 51-52.) On January 7, 2005, he pled guilty to all counts in his criminal case. (See 01/07/05 Sentencing Hrg. Tr.) He has not appealed from his conviction. (Mosley Aff. ¶ 16.)

Plaintiff's Complaint alleges three related causes of action brought pursuant to § 1983: (1) Defendants, acting in their official capacity, denied him his legal materials on January 5, 2005; (2) Defendants, acting in their official capacity, refused delivery of such legal materials on January 5, 2005; and (3) Defendants interfered with his legal mail and materials before January 5 as a favor for Assistant District Attorney Mosley. (Compl. Pt. V.) Plaintiff seeks punitive damages of $1200 a day for losses and fees incurred, possession of the legal materials, and a disclosure of all communications between Defendants and Mosley. (Compl. Pt. VI.)

II. DISCUSSION

Defendants have moved for summary judgment on all of the claims asserted in the Complaint. Summary judgment is appropriate

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Defendants argue that Rodriguez-Isona's Complaint is based on his right of access to the courts, and the Court agrees. The Complaint charges Defendants with interference with Plaintiff's criminal prosecution through their restrictions on his access to legal materials. Indeed, Plaintiff maintains that the denial of access to his legal materials caused him to plead guilty under duress rather than present a defense to his criminal charges. (See Pl.'s Resp. Mot. Dismiss ¶¶ 10-11.) Confiscation of and restrictions regarding legal mail and documentation have traditionally been evaluated as interferences with an inmate's access to the courts. See, e.g., Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998) (misdirection of legal documents); Oliver v. Fauver, 118 F.3d 175, 176 (3d Cir. 1997) (failure to send outgoing legal mail); Booth v. King, 346 F. Supp. 2d 751, 758 (E.D. Pa. 2004) (destruction of legal documents and opening of legal mail). Similarly, the inability to present a defense due to the unlawful actions of others has been treated as a denial of access claim. See, e.g., Gibson v. Superintendent of NJ Dep't of Law & Pub. Safety – Division of State Police, 411 F.3d 427, 441-42 (3d Cir.

June 14, 2005) (inability to mount a criminal defense due to police concealment of exculpatory evidence).  Plaintiff's claims, therefore, should be analyzed as an assertion that he was denied access to the courts in violation of the Constitution.  He is seeking damages for restrictions on his legal mail, which prevented him from presenting a defense – a defense that is now foreclosed to him and allegedly would have made a difference in his sentence or conviction.

A suit for damages based on an allegedly unconstitutional conviction and confinement is not, however, cognizable under § 1983 unless and until the conviction is invalidated. Heck v. Humphrey, 512 U.S. 477, 489 (1994).  In Heck v. Humphrey, the Supreme Court expressed concern that civil suits were being used to collaterally attack criminal convictions. See id. at 484-86.  Thus, the Court instructed the district courts as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

> But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . .

Id. at 486-87; see also Gibson, 411 F.3d at 442 ("When a denial of access claim involves a state's suppression of evidence that is material to a criminal trial, the claim does not accrue until the conviction is invalidated."); Nance, 147 F.3d at 591 (affirming dismissal of inmate's civil rights complaint based on misdirection of legal documents where the plaintiff's injury was loss of the underlying criminal case).

Plaintiff seeks compensation for harm "caused by actions whose unlawfulness would render [his] conviction or sentence invalid." See id. at 486. Proof of actual prejudice or injury to Plaintiff[1] would require a finding that his sentence was wrongfully imposed because his guilty plea was made under duress. In fact, Plaintiff states that his request for damages is based on a theory of wrongful confinement. The damages he seeks – $1200 a day (see Compl. Pt. VI, ¶ 2) – are at least partially based on his "being in prison." (Pl.'s Dep. at 71.) "I'm being compensated a day [sic] for the time and why I have to do time [sic] when I shouldn't have to do time, so . . . I think they should pay $1200 a day." (Id.) Plaintiff alleges misconduct by Defendants that prevented him from

---

[1] In order to maintain a denial of access claim, a plaintiff must demonstrate "actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); Oliver, 118 F.3d at 177-78.

6

finding exculpatory evidence and presenting a defense in his criminal case. A resolution in Plaintiff's favor would cast doubt on the lawfulness of his sentence. Because the criminal judgment against him has not been invalidated, Plaintiff's claims are not cognizable under § 1983. Consequently, he must challenge his guilty plea through the avenues of appeal or other post-conviction relief that are available to him.[2]

For the foregoing reasons, Defendants' Motion is granted and the Complaint is dismissed.

BY THE COURT:

_____
John R. Padova, J.

---

[2] To the extent that Plaintiff seeks a prospective injunction requiring Defendants to turn over any communication between Defendants and Assistant District Attorney Mosley, Plaintiff appears to treat this lawsuit as an opportunity to obtain discovery which can only be used to attack his conviction. Defendant cannot obtain such relief in this proceeding.

To the extent that Plaintiff seeks a prospective injunction requiring Defendants to turn over his legal documents, Defendants argue that the request is moot. A federal court "may not decide an issue unless it presents a live case or controversy." Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993) (citing Ortho Pharmaceutical Corp. v. Amgen, Inc., 882 F.2d 806, 810-11 (3d Cir. 1989), in support of its holding that inmate-plaintiff no longer had viable claim for improvement of the prison law library once released, because he could have no further interest in the legal resources provided). Moreover, Defendants have presented evidence that they no longer have possession of the documents sought. (Matthew Jacob Aff. ¶ 6; Carrie McWilams Aff. ¶ 5.) This fact is not disputed. Indeed, Floyd attests that he left the Prison with the legal documents after delivery was refused. (See Floyd V.S. ¶ 5.) The Court cannot compel Defendants to produce documents that they do not possess. Accordingly, the Court finds that this remedy is not available.

8